**Shaffer v. Zinn**

*Alan H. Lerner* and *Roslyn G. Pollock*, of *Cohen, Shapiro, Polisher, Shiekman & Cohen*, for plaintiff.

*William P. Cole*, of *Synnestvedt & Lochner*, for defendant.

SPORKIN, J., August 14, 1974.—This case is before the court on a complaint in equity filed by Morris Shaffer (plaintiff) against Robert J. Zinn (defendant). At a conference between counsel and the chancellor, on August 8, 1974, the hearing on plaintiff's motion for preliminary injunction, originally scheduled for that date, was continued until August 16, 1974, at which time the chancellor would hear arguments on both the preliminary injunction and preliminary objections filed thereto by defendant. At the meeting on August 8, 1974, plaintiff indicated that discovery, notably in the form of a deposition and production of documents by defendant, Robert J. Zinn, would substantially aid and expedite the trial of this case. Defendant agreed to present himself for deposition early in the week of August 12th through August 16th, 1974.

Plaintiff accordingly noticed the deposition of defendant for August 13, 1974, at 3 p.m. Defendant alleged that plaintiff had previously been informed that defendant would be otherwise engaged at that hour, and sought to quash the notice on the grounds of inconvenience and bad faith. We denied the motion

to quash, and found that such notice was not given in bad faith and we rescheduled the deposition to August 14, 1974, at 4:30 p.m., an hour which was stated by both parties to be convenient to them. Attached to the notice of deposition was a request that the deponent bring with him certain documents.

Defendant now seeks a protective order barring production of the documents requested and removing the necessity of being orally deposed. Defendant argues that the notice and the request for production is untimely, has been sought in bad faith, would cause unreasonable annoyance and oppression to him, relate to matters which are privileged, and have no bearing on the matters presently before this court. We have examined the motion of defendant, but find it to be without merit.

It is to be remembered that this is a case in equity and that, therefore, a wider scope of discovery should be allowed in order to ascertain the true facts of this case. It is further to be noted that defendant has previously indicated a spirit of cooperation when confronted with the potential for the requests which plaintiff subsequently made and to which defendant now objects. It is time now for defendant to act in keeping with the spirit of cooperation expressed by him.

We do not find that the schedule of the depositions or the request for documents was done in bad faith by plaintiff. There is also no clear showing of privilege or irrelevancy of the material sought. We will, however, confirm the normal practice of allowing defendant to answer questions and to produce material requested subject to his own objection. If, upon renewal of the objection at the hearing before the chancellor, such objection is sustained, introduction of the information upon the record would accordingly be barred.

## ORDER

And now, to wit, August 14, 1974, subject to limitation expressed in the above opinion, the motion of defendant, Robert J. Zinn, for a protective order and seeking to quash the notice for deposition scheduled for August 14, 1974, is hereby denied.